UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
MARIE C. BOCO,                                                     :
                                                                   :
                      Plaintiff,                         :
                                                                   :    **MEMORANDUM & ORDER**
                  -against-                          :    13-CV-1165(DLI)(CLP)
                                                                   :
ARGENT MORTGAGE COMPANY, LLC, SELECT                               :
PORTFOLIO SERVICING, INC., and PARK PLACE                          :
SECURITIES, INC. 2005-WCW1,                                        :
                                                                   :
                      Defendants.                        :
------------------------------------------------------------------ x

**DORA L. IRIZARRY, United States District Judge:**

       Plaintiff Marie C. Boco ("Plaintiff") filed the instant action against defendants Argent Mortgage Company, LLC ("Argent"), Select Portfolio Servicing, Inc. ("SPS"), and Park Place Securities, Inc. 2005-WCW1[1] (the "Trust," together with SPS, "Appearing Defendants") seeking monetary damages and equitable relief arising from a purportedly invalid assignment of Plaintiff's mortgage. (*See generally* Compl., Dkt. Entry No. 1.) Appearing Defendants move to dismiss the instant action in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Defs.' Mem. of Law in Supp. of Mot. to Dismiss ("Defs. Mem."), Dkt. Entry No. 16-1.) Plaintiff opposes the motion. (Mem. of Law in Opp. of Mot. to Dismiss ("Pl.'s Mem."), Dkt. Entry No. 19.) For the reasons set forth below, Appearing Defendants' motion to dismiss is granted and the complaint against them is dismissed.

       It is alleged in the Complaint that Argent was sold to Citigroup and that it is now known as Citi Bank Residential Lending, Inc. (Compl. at ¶¶ 9-10.) However, neither Citigroup nor Citi

---

[1]     Plaintiff named "Park Place Securities, Inc. 2005-WCW1" in this action. However, Wells Fargo Bank, N.A., as Trustee, in Trust for the Registered Holders of Park Place Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2005-WCW1 is the entity that appeared to defend against the action. (*See* Notice of Mot. to Dismiss, Dkt. Entry No. 16.)

Bank Residential Lending, Inc. is a named defendant in this action and neither they nor Argent have appeared in this action. Plaintiff has neither moved to amend the Complaint to add these parties nor moved for default judgment against Argent. Because Plaintiff has failed to state a claim upon which relief may be granted, for the same reasons that are addressed below in Appearing Defendants' motion, the Complaint against Argent is dismissed, *sua sponte*.

## BACKGROUND

The following facts are taken from the complaint and are accepted as true for the purposes of this motion. On March 23, 2005, Plaintiff obtained a $312,000 mortgage from Argent for the real property located at 137-07 256th Street, Rosedale, New York 11422.[2] (Compl. ¶ 13.) That same day, Argent assigned the mortgage in blank. (*Id.* at ¶¶ 14, 16.)

In 2012, Plaintiff served a Qualified Written Request on the prior loan servicer, Bank of America Home Loans ("BOA"). (*Id.* at ¶ 17.) In response, BOA provided Plaintiff with a copy of Plaintiff's first mortgage note. (*Id.* at ¶ 18.) The note had no endorsements. (*Id.*) BOA also sent an internal transmittal checklist from Argent that indicated both the note and assignment of mortgage were endorsed in blank. (*Id.* at ¶ 19.) Plaintiff also was supplied with two versions of her Uniform Residential Loan Application that contained different gross monthly income amounts. (*Id.* at ¶ 20.)[3]

---

[2] The Court notes that the Complaint states, "Venue is proper pursuant to 28 U.S.C. § 1391 in the Southern District of New York because Plaintiff resides in the district." (Compl. ¶ 3.) The Court assumes, for purposes of this motion, that this was a typographical error and that the paragraph should have said Eastern, not Southern. The Court bases this assumption on the following: (1) the action was filed by Plaintiff in the Eastern District of New York, (2) the property is located in the Eastern District of New York, (3) neither party has addressed this issue, and (4) the rampant typographical errors throughout Plaintiff's opposition papers. The Court is dismayed at the sloppy and poor draftsmanship exhibited by counsel for the Plaintiff in this case.

[3] Plaintiff, in the section of the Complaint titled "Facts Common to All Allegations," baldly states that "there are indications of predatory lending on the part of Argent." (Compl. ¶ 20.) The sole basis for this allegation is that there are two versions of the Uniform Residential Loan Application. (*Id.*) However, Plaintiff is in the best position to know her income, and, thus, know her ability to make payments on the loan, so a claim for predatory lending cannot survive based solely on such allegations. *See Karamath v. U.S. Bank*, N.A., 2012 WL 4327613, at *5 (E.D.N.Y. Aug. 29, 2012) ("[S]ince [plaintiff] was in the best position to know her own income and expenses, she

2

On August 28, 2012, Plaintiff received notification from BOA that it no longer was servicing Plaintiff's loan. (*Id.* at ¶ 23.) The notification from BOA indicated that SPS was the new loan servicer effective as of September 26, 2012. (*Id.*) On September 24, 2012, Plaintiff received notification from SPS that it was the new servicer of Plaintiff's loan on behalf of the Trust. (*Id.* at ¶ 24.) Plaintiff acknowledges that SPS is the current servicer of her loan. (*Id.* at ¶ 11.)

On March 5, 2013, Plaintiff filed the instant action against the defendants asserting state law claims for fraud, negligent misrepresentation, unjust enrichment, and quiet title, as well as a claim under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA").

## DISCUSSION

### I. Legal Standard

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, pleadings must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Pleadings are to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *overruled in part on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555).

---

could not reasonably have relied on any misrepresentations about her ability to make payments"); *Hayrioglu v. Granite Capital Funding, LLC*, 794 F. Supp. 2d 405, 413 (E.D.N.Y. 2011) ("[I]t would certainly not have been reasonable for the plaintiff to rely on Metropolitan National's claim that his monthly income was approximately $7,000 more than he believed it to be.").

3

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move, in lieu of an answer, for dismissal of a complaint for "failure to state a claim upon which relief can be granted." To resolve such a motion, courts "must accept as true all [factual] allegations contained in a complaint," but need not accept "legal conclusions." *Iqbal*, 556 U.S. at 678. For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Notably, courts may only consider the complaint itself, documents that are attached to or referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or the plaintiff knew of when bringing suit, and matters of which judicial notice may be taken. *See, e.g.*, *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007).

## II.    State Law Claims

Plaintiff brings various state law claims and seeks damages and equitable relief based on Argent's assignment of the mortgage to the Trust. (*See* Compl. at ¶¶ 28-57.) Appearing Defendants contend that Plaintiff's state law claims—all of which are predicated solely on the mortgage assignment from Argent to the Trust—should be dismissed because Plaintiff fails to allege that she has suffered damages or injury from the assignment and lacks standing to challenge the validity of the assignment agreement. The Court agrees with Appearing Defendants and finds dismissal of all of Plaintiff's state law claims, including those against Argent, warranted on this basis.

Generally speaking, a non-party to a contract lacks standing to challenge an agreement in the absence of terms demonstrating that it is a third-party beneficiary. *See Utreras v. Aegis*

*Funding Corp.*, 2013 WL 789614, at *2 (E.D.N.Y. Mar. 1, 2013) ("[I]f one party purported to assign the mortgage to another party, but actually failed to do so, there could be a genuine dispute between the putative assignee and assignor over the ownership of the mortgage, but Plaintiff likely would have no standing in such a dispute."); *Karamath v. U.S. Bank, N.A.*, 2012 WL 4327613, at *7 (E.D.N.Y. Aug. 29, 2012), *adopted by* 2012 WL 4327502 (E.D.N.Y. Sept. 20, 2012) ("[P]laintiff is not a party to the PSA or to the Assignment of Mortgage, and is not a third-party beneficiary of either, and therefore has no standing to challenge the validity of that agreement or the assignment."); *Shea v. Royal Enters., Inc.*, 2011 WL 43460, at *3 (S.D.N.Y. Jan. 6, 2011) (holding that non-party lacked standing to challenge the enforceability of lease agreement). Here, Plaintiff is not a party to the mortgage assignment, nor is there language in the governing loan documents or other allegations suggesting that Plaintiff is a third-party beneficiary of that agreement. Additionally, Plaintiff concedes this fact by exclaiming, "ABSOLUTELY NOWHERE in the Complaint does Plaintiff claim to be a third party beneficiary of the PSA." (Pl.'s Mem. at 16.)

Plaintiff's allegations also do not lead to the reasonable inference that she "has suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision." *Hollingsworth v. Perry*, 133 S. Ct. 2652, 2661 (2013) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992)). First, any purported assignment between Argent and the Trust has not injured Plaintiff because the assignment would not affect her obligation to repay her debt or otherwise alter the terms and conditions of the note and mortgage.[4] *Cf. 77 Charters, Inc. v. SYC Realty LLC*, 2012 WL

---

4   Plaintiff concedes that the mortgage and note were valid at the time they were executed. (*See* Compl. ¶ 13 (alleging that "Plaintiff obtained a first mortgage . . . in the amount of . . . $312,000.00"); Pl.'s Mem. at 9, 18 (stating that "Plaintiff remains liable to pay a holder in due course of the original, wet ink promissory note upon

5

1077706, at *8 (E.D.N.Y. Feb. 27, 2012), *adopted by* 2012 WL 1078466 (E.D.N.Y. Mar. 30, 2012) (noting that failure to receive notice of assignment "only excuses a mortgagor from paying the new holder of the Note, not from making payment under the original terms of the Note"). Second, as there appears to be no dispute between Defendants (or any other lender or loan servicer) as to the propriety of the assignment, Plaintiff's allegations do not demonstrate that she has suffered, or would ever suffer, injury or damages in the form of double loan payments or competing claims. Indeed, the only party challenging the assignment appears to be Plaintiff herself. Third, there is no allegation that the assignee, the Trust, has commenced, or threatened to commence, a foreclosure proceeding. Fourth, Plaintiff's allegations do not demonstrate that the assignment altered Plaintiff's manner of payment, since she admits that SPS is the loan servicer. (Compl. ¶ 11.)

Plaintiff's allegations, far from being a model of clarity or precision, attempt to transform hypothetical defenses to a foreclosure action into substantive claims for relief, even though no foreclosure proceeding has been commenced or threatened. Notably, several recent decisions in other circuits and districts that involve strikingly similar factual allegations to those here— namely, actions commenced by borrowers challenging the validity of mortgage assignments— also have found dismissal appropriate and lend further support to the Court's conclusion. *See Robinson v. Select Portfolio Servicing, Inc.*, 2013 WL 1405201, at *4 (6th Cir. Apr. 9, 2013) ("[P]laintiffs were not a party to the MERS assignment to U.S. Bank. Thus, they have no standing to contest that transfer."); *Wolf v. Fed. Nat'l Mortg. Ass'n*, 512 F. App'x 336, 342 (4th Cir. 2013) ("[T]he only thing the assignment affects is to whom [appellant] makes the payments. Thus, she has no interest in the assignment from MERS to BAC. Accordingly, she has no

---

demand . . ." and "Plaintiff, in good faith, and for value, executed the mortgage and the note on March 23, 2005 with Argent").)

standing to challenge it."); *Slorp v. Lerner, Sampson & Rothfuss*, 2013 WL 941430, at *3 (S.D. Ohio Mar. 8, 2013) ("A debtor, for example, cannot raise alleged acts of fraud, or question the motive or purpose underlying an assignment." (quotations omitted)); *Ward v. Sec. Atl. Mortg. Elec. Registration Sys., Inc.*, 858 F. Supp. 2d 561, 568 (E.D.N.C. 2012) ("Plaintiffs lack standing to challenge the validity of any such assignment [by MERS to BAC]. An action to declare an assignment void could only be brought by someone who can demonstrate a concrete and particularized injury in fact that is fairly traceable to the challenged assignment."); *In re MERS Litig.*, 2011 WL 4550189, at *5 (D. Ariz. Oct. 3, 2011) ("Thus, Plaintiffs, as third-party borrowers, are uninvolved and unaffected by the alleged Assignments [by MERS], and do not possess standing to assert a claim based on such.").[5]

Notably, the court in *Tran v. Bank of New York*, 2014 WL 1225575 (S.D.N.Y. Mar. 24, 2014), dismissed a complaint alleging RICO violations for lack of standing. Like the Plaintiff in the instant case, the plaintiffs in *Tran* attempted to rely on New York Estates, Powers, and Trusts Law, as well as the language of the governing Pooling and Services Agreement ("PSA"). *Id.* at *3-4. In dismissing the action, the court explained that, "[t]hough the Second Circuit has not ruled directly on this issue, district courts in this Circuit and elsewhere have generally held that a nonparty to a PSA lacks standing to assert noncompliance with the PSA as a claim . . . ." *Id.* at *4 (quotations omitted). The court further described this position as supported by "the weight of the case law around the country." *Id.* at *4 n.7 (quotations omitted).

---

[5] While some decisions find dismissal warranted under Rule 12(b)(1) for failure to satisfy the case or controversy requirement of Article III, others suggest that such claims are defective under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The Court declines to address the issue, however, because the result would be the same under either rule in light of the deficiencies in Plaintiff's allegations.

Accordingly, all of Plaintiff's state law claims concerning the purported assignment between Argent and the Trust are dismissed. Moreover, Plaintiff's state law claims fail to state a claim for relief for the additional reasons identified below.

A.  *Fraud*

To state a claim for fraud under New York law, a plaintiff must allege: "[1] a misrepresentation or a material omission of fact which was false and known to be false by defendant, [2] made for the purpose of inducing the other party to rely upon it, [3] justifiable reliance of the other party on the misrepresentation or material omission, and [4] injury." *Premium Mortg. Corp. v. Equifax, Inc.*, 583 F. 3d 103, 108 (2d Cir. 2009) (per curiam) (quoting *Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 421 (1996) (alterations in original)).

In order to support allegations of fraud, which are subject to the heightened pleading standards of Rule 9(b), a complaint must "'(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent.'" *Eternity Global Master Fund Ltd., v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 187 (2d Cir. 2004) (quoting *Harsco Corp. v. Segui*, 91 F.3d 337, 347 (2d Cir. 1996)).

Here, Plaintiff alleges in bald, conclusory fashion that "Defendants through the fraudulent scheme . . . made materially false representations and materially false omissions, namely, Defendant Argent created a fraudulent assignment which purported to assign obligations in the form of a mortgage and/or note." (Compl. at ¶ 29.) Plaintiff also states vaguely, "in order to collect payment on notes and mortgages it did not rightly hold, PPSI in concert with SPS has engaged in a fraudulent scheme." (*Id.* at ¶25.) Finally, Plaintiff claims the letter sent by the new servicer was fraudulent because it was not true that the Trust was the owner, since, according to

Plaintiff, the assignment was invalid. (Pl.'s Mem. at 7.) However, since the validity of the assignment has not been challenged by any party with standing, this was not a fraudulent statement.

The Court notes that Plaintiff has mischaracterized the law regarding assignment. While Plaintiff tried to emphasize the Trust's alleged failure to comply with its PSA and that the assignment was in blank, Plaintiff misses the point. Contrary to Plaintiff's statements that it is "malpractice" to assign mortgages in blank (Pl.'s Mem. at 10.), an assignment in blank is not improper. *See, e.g.*, *Pollak v. Bank of America*, 2013 WL 4799264, *2 (S.D.N.Y. Aug. 27, 2013) ("To the extent plaintiff argues a mortgage cannot be transferred by blank indorsement, plaintiff misunderstands the law. Blank indorsements of negotiable instruments . . . are explicitly permitted under New York Law."). Under New York law, physical delivery is all that is required for an assignment. *U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 Fed. App'x 30, 33 (2d Cir. 2012) ("First, under New York law, physical delivery will effect a valid assignment of a note and mortgage; a written assignment is not required."). Whether an indorsement in blank is sufficient under the terms of the PSA, is not an issue for Plaintiff to raise, especially not as an affirmative cause of action against the Defendants. Since Plaintiff has failed to allege an actual fraudulent statement and no injury has occurred because the payments were admittedly due, the fraud claim is dismissed as to all defendants.

B.    *Negligent Misrepresentation*

For a negligent misrepresentation claim, a plaintiff must allege that: "(1) the defendant had a duty, as a result of a special relationship, to give correct information; (2) the defendant made a false representation that he or she should have known was incorrect; (3) the information supplied in the representation was known by the defendant to be desired by the plaintiff for a

serious purpose; (4) the plaintiff intended to rely and act upon it; and (5) the plaintiff reasonably relied on it to his or her detriment." *Hydro Investors, Inc. v. Trafalgar Power, Inc.*, 227 F.3d 8, 20 (2d Cir. 2000); *see also Air China, Ltd. v. Kopf*, 473 Fed. App'x 45, 49 (2d Cir. 2012).

Like fraud, negligent misrepresentation claims must comport with Rule 9(b). *See CAC Group, Inc. v. Maxim Group, LLC*, 2012 WL 4857518, at *5 (S.D.N.Y. Oct. 10, 2012), *aff'd*, 2013 WL 1831672 (2d Cir. May 2, 2013) (recognizing that "[f]ederal courts considering claims for negligent misrepresentation under . . . New York . . . law[] require such claims be pled with particularity under Rule 9(b)" (citing *Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 583 (2d Cir. 2005)).

Not only has Plaintiff failed to allege facts sufficient to support a claim that fraudulent statements were made, but Plaintiff also cannot show that there was a special relationship between her and the Defendants that created a duty under the negligent misrepresentation standard. Plaintiff exclaims baldly, "Defendants' assertion is ludicrous on its face; in fact there is ONLY a special relationship between the parties, one occasioned by the Defendants' [sic] having materially misstated to Plaintiff that the Trust was the investor in Plaintiff's loan." (Pl.'s Mem. at 18.) Plaintiff provides no case law to support this conclusion, nor can she. The Court is mindful that making a material misstatement, in and of itself, does not create a special relationship. Otherwise, this rule would eviscerate the requirement that a party must have a duty due to a special relationship because any misstatement made by any person to anyone would automatically attach liability for negligent misrepresentation. Such is not the law in New York. *See, e.g.*, *JP Morgan Chase Bank v. Winnick*, 350 F. Supp. 2d 393, 404 (S.D.N.Y. 2004) (explaining the law does not impose liability based on the relationship "between a plain vanilla borrower and lender").

C. *Unjust Enrichment*

Under New York law, a claim for unjust enrichment requires a plaintiff to establish: "(1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." *Beth Israel Med. Ctr. v. Horizon Blue Cross and Blue Shield of New Jersey, Inc.*, 448 F.3d 573, 586 (2d Cir. 2006) (citation and internal quotation marks omitted). "The 'essence' of such a claim 'is that one party has received money or a benefit at the expense of another.'" *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000) (quoting *City of Syracuse v. R.A.C. Holding, Inc.*, 258 A.D.2d 905, 906 (4th Dep't 1999)).

Here, Plaintiff alleges that she was making payments to entities that were not entitled to collect (Compl. at ¶ 34.); however, Plaintiff remains obligated to make loan payments under the terms of the note, and no actual, as opposed to hypothetical, threat of double recovery is alleged. Thus, Plaintiff has failed to show that equity and good conscience would require restitution. Additionally, while Plaintiff asserts she has absolutely no contractual relationship with Defendants, she admits entering into a mortgage contract with defendant Argent. She further admits SPS is the servicer of her loan under the mortgage. These relationships are governed by the terms of the mortgage; therefore, unjust enrichment is not a theory under which Plaintiff may recover. *Pollak*, 2013 WL 4799264, at *3 (noting unjust enrichment is not a viable claim if there is a valid contract). Accordingly, Plaintiff's unjust enrichment claim is dismissed.

D. *Quiet Title and Equitable Relief*

Plaintiff seeks "a declaratory judgment declaring the purported assignment void and quieting clear title to the property described in the mortgages [sic] and declaring that the subject property is free from all liens and encumbrances." (Compl. at ¶ 48.) A claim for quiet title requires a plaintiff to allege "the existence of a removable 'cloud' on the property, which is an

apparent title, such as in a deed or other instrument, that is actually invalid or inoperative." *Barberan v. Nationpoint*, 706 F. Supp. 2d 408, 418 (S.D.N.Y. 2010). As a preliminary matter, Plaintiff has offered no facts or legal theory to support her request to declare the mortgage unenforceable. At best, she simply disputes which entity holds a security interest in the property. Furthermore, as noted above, Plaintiff has not faced nor is in danger of facing an imminent injury, as opposed to a conjectural or hypothetical one, to warrant a determination as to the validity of the assignment of mortgage. Finally, assuming, *arguendo*, that Plaintiff properly had demonstrated that she has standing to challenge the assignment, given the absence of a viable federal claim or state law claims for damages, judicial economy, convenience, and fairness would lead the Court to decline to exercise supplemental jurisdiction over such a determination. *See* 28 U.S.C. § 1367(c)(3); *Kolari v. N.Y. – Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006).

## III. TILA

The complaint alleges that Defendants violated TILA and the implementing Federal Reserve Board Regulation Z, 12 C.F.R. Part 226, by failing to provide full disclosure on the transfer, assignment, and public records for Plaintiff's mortgage. (Compl. at ¶¶ 58-63.)

Appearing Defendants' opening memorandum highlights multiple deficiencies with Plaintiff's TILA claim. (Defs.' Mem. at 4, 11.) Appearing Defendants contend that Plaintiff's claim is barred by TILA's one-year statute of limitations because Plaintiff filed this action on March 5, 2013, more than one year after Argent executed the assignment of mortgage, but provides no allegations of fact to warrant equitable tolling. *See Cardiello v. The Money Store*, 29 F. App'x 780, 781 (2d Cir. 2002) (recognizing that claims for damages under TILA are subject to one-year statute of limitations (citing 15 U.S.C. § 1640(e)); *Midouin v. Downey Sav. and Loan*

*Ass'n, F.A.*, 834 F. Supp. 2d 95, 108 (E.D.N.Y. 2011) (same). Appearing Defendants also assert that Plaintiff's claim fails because TILA was not in effect at the time of the assignment in March 2005 and it does not apply retroactively. (Defs.' Mem. at 11.) Plaintiff has failed to provide any response to Appearing Defendants' plausible arguments, and, therefore, the Court deems the TILA claim abandoned. *See Thomas v. New York City Dept. of Educ.*, 2013 WL 1346258, at *17 (E.D.N.Y. Mar. 29, 2013) ("A court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed." (citation and internal quotations omitted)).

Accordingly, Appearing Defendants' motion to dismiss Plaintiff's TILA claim is granted. As this claim would not survive as against Argent for the same reasons discussed above, the TILA claim is dismissed against Argent also.

## CONCLUSION

For the reasons set forth above, Appearing Defendants' motion to dismiss is granted and since Plaintiff also has failed to state a claim upon when relief may be granted against Argent, the complaint against all defendants is dismissed with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
      March 31, 2014

/s/
DORA L. IRIZARRY
United States District Judge